### JOSEPH BORDERS *v.* BENJAMIN BURK.

**Statute of Frauds—Partnership Purchase of Oil Leases.**

Where a defendant, by his answer, admits a verbal contract between him and the plaintiff to procure oil leases for speculation, and for a partnership account, and in a letter written to his agent, procuring the leases, states they were to be for the benefit of himself and plaintiff, held sufficient to take same out of the statute of frauds.

APPEAL FROM BOYD CIRCUIT COURT.

September 23, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee alleges, substantially, in his petition that he and appellant made a parol agreement for a partnership to procure "Oil leases" from owners of land on the Big Sandy River and its tributaries, in 1864. That a number of leases were obtained under said contract of partnership, a part of which appellant sold for

$2000, or more, and now refuses to settle with him, or pay him any part of the sums received by him therefor. And prays for a settlement of said partnership and for his part of the proceeds of said sales as an equal partner.

In an answer, the terms of a partnership is admitted as alleged, and it is also admitted that leases have been sold to the amount of about $1750. But appellant alleges that the leases which were sold were obtained from the proprietors of the land by one, W. W. Brown, and that appellee had no interest in them, and was entitled to no part of the proceeds of the sale, furthermore that he had given Brown one-third of the amount received for his services in procuring the leases. And finally he relies on the statute against frauds and perjuries as a bar to appellee's right to recover.

On final hearing the court below decided that the statute was not available to appellant, and rendered judgment against him for $550 with interest and costs. Of which judgment he now complains.

From the deposition of Partridge, and the checks and receipts filed therewith it apepars that he purchased three oil leases from appellant, or that he made the contract for their purchase with him, but found they were in the name of Brown and he therefore paid Brown for them. But that said leases were in fact taken originally under the partnership agreement between appellant and appellee, and Brown was their mere agent in reducing their terms to writing and getting the signatures of the proprietors of the land thereto is conclusively proved by the evidence of Partridge and the letter of appellant and appellee filed as an exhibit. Concurring with the circuit judge in his conclusion as to the right of appellee to relief, we also concur with him in the amount adjudged to him. The sum for which the leases were sold is shown to be $1750. Brown paid Williams $100 to change his lease and make it direct to Partridge, which reduced the profits to $1650. One-third of which he adjudged to appellee, allowing one-third to Brown for his services, and the sum thus adjudged to appellee he is entitled to unless the statute relied upon is available to defeat him.

The contract is not only admitted in the answer, but appellant therein states, that being unable himself to write the leases, he employed Brown as *their* agent to obtain and write them, that those disposed of were gotten by Brown under their contract, and

are the same referred to in his letter to appellee filed as a part of the petition. But he alleges, that by the terms of the partnership contract, appellee was to make sale of the leases, which he had not done, and for that reason he was not entitled to any part of the profits. This however he failed to prove.

The term of the letter, with the admissions in the answer, are sufficient to take the contract out of the statute. In the letter appellant state that the leases were taken for the joint benefit of himself and appellee, and his answer refers to and explains that the leases named were those sold to Partridge. And, besides, the terms of the agreement are, that leases are to be obtained for sale and speculation, and amounted to a parol agreement to contract for oil leases, as they termed them, which were to be sold and the profits to be equally divided. And consequently cannot be within the inhibition of the statute, as it was but an agreement to divide profits on a speculation they had embarked in.

The agreement if not expressly to be performed immediately, might have been performed in the space of one year and was not within the 7th clause of the statute.

Wherefore the judgment is *affirmed*.

*Brown & Dawson*, for appellant.

*L. T. Moore*, for appellee.